## Susanna Rebman *v.* John S. Dierdorff, Appellant.

*Will—Vested and contingent estates.*

Testator by his will devised land to his son Samuel and charged it with a legacy in favor of his daughter Susanna. He then directed as follows: "It is my will, if my daughter Susanna should die before her husband and leaving no children back, that that money that I bequeathed her shall fall back to my son Samuel's children, and be equally divided amongst them immediately after her death." Susanna's husband died, leaving to survive him, his widow, the said Susanna. *Held*, that after the death of her husband Susanna was entitled to the legacy absolutely.

Submitted May 18, 1898. Appeal, No. 177, Jan T., 1898, by defendant, from judgment of C. P. York Co., Aug. T., 1898, No. 6, on case stated. Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Case stated to determine the marketable title to real estate.

From the case stated it appeared that John Feiser devised the real estate in question to his son Samuel, charging upon it a legacy of $3,300 in favor of his daughter Susanna. He further directed in his will as follows:

"Fifthly. It is my Will If my daughter Susanna should die before her husband and leaving no children back, that: that Money that I bequeathed her shall fall back to my Son samuel's Children and be equally divided amongst them immediately after her death."

Susanna married Joseph Rebman who died on July 29, 1897, leaving his widow but no children to survive him. By an assignee's sale the property became vested in Charles M. Shelley subject to the charge created by the will. After the death of Joseph Rebman, Susanna demanded payment of the legacy from Charles M. Shelley, and upon refusal brought suit against him and recovered a judgment. Under this judgment execution was issued and, at the sheriff's sale, Susanna bought the property, and subsequently received a deed from the sheriff for it. On April 5, 1898, she executed an agreement in writing to sell a tract of said property to John S. Dierdorff; that in pursuance of said agreement she tendered her deed for said tract to said Dierdorff, and demanded payment of the purchase money; that Dierdorff refused, and still refuses to accept said deed and pay said purchase money, or any part thereof, for the reason, as he avers, that she is not entitled to the payment of said legacy of $3,300 absolutely, but the same is payable at her death to the children of her brother, Samuel D. Feiser, under the provisions of the will of her father, and that she holds said real estate under the sheriff's sale thereof to her, subject to the lien of said legacy, and that, therefore, she cannot convey said tract clear of all incumbrances.

1. If the court shall be of the opinion that under the provisions of the will of said John Feiser, the said legacy of $3,300 vested in said Susanna Rebman absolutely, on the death of her said husband, Joseph Rebman, leaving her to survive him, and she having become the owner in fee of the land on which said legacy is charged, then judgment to be entered in favor of the plaintiff for $1,500, the consideration for the sale of said tract sold to said defendant, with costs of suit.

2. If the court shall be of the opinion that under the will of said testator the said Susanna Rebman took an estate for life only in the said legacy of $3,300, with remainder to the children of said Samuel D. Feiser, notwithstanding she survived her said husband Joseph Rebman, deceased, then judgment to be entered in favor of the defendant with costs of suit.

Either party to have the right of appeal.

W. F. BAY STEWART, J., filed the following opinion :
In Rebman's Appeal, 1 Walker, 256, reported also in 1 York

Legal Record, 93, the Supreme Court said in reference to the fund over which this contest arises : " If she (Susanna Rebman, the above plaintiff) survived him (her husband) she could dispose of it (this fund) as she pleased; in other words, if she survived her husband she would have an absolute estate in it, or it would go to her children." Susanna Rebman did survive her husband, and after his death she sued for and recovered, in the court of common pleas of this county, a judgment for the said fund, and levied on and sold the land upon which it was charged as a lien by her father's will, and became the purchaser thereof. That judgment remains in full force and unreversed, and determines, as between parties to it, the ownership of the fund. However, it may not determine it as to the children of Samuel Feiser, deceased, who would have been entitled to it in remainder had Susanna Rebman died childless in the lifetime of her husband, and this is what still leaves the controversy open. She did not so die; she survived him, although childless it is true. The point aimed at by the condition in the will is perfectly apparent, namely, to prevent her husband from acquiring any interest in the fund, should Susanna Rebman die childless in the lifetime of her husband. In that event one half of the fund would have gone away from the blood of the testator, and it may be readily imagined that this may not have been desirable to the testator; hence the provision in his will limiting the fund, which before he had given her absolutely. It does not seem to me that this view of the question is open to successful denial, although a pointed and final adjudication of it, by the court of last resort, is desirable, in order to remove what is supposed to be a cloud on the title to the real estate bound by the charge in the testator's will, and which is now offered and refused on this account.

I am of opinion that the law is with the plaintiff; that the title to the real estate is discharged from the incumbrance by the recovery of the judgment and the sheriff's sale of the property, and that Susanna Rebman's title thereto, as she offers to convey it, is a valid, legal and marketable title in fee.

Judgment is therefore entered in favor of the plaintiff, and against the defendant, on the case stated, for $1,500, with costs of suit.

Assignment of Errors—Opinion of the Court.        [186 Pa.

*Error assigned* was in entering judgment for plaintiff.

*E. W. Spangler*, for appellant.

*James Kell*, for appellee, cited in his printed brief: Strauss's App., 49 Pa. 353; Lobach's Case, 6 W. 167; Tower's Appropriation, 9 W. & S. 104; Hanna's App., 31 Pa. 53; McLanahan v. McLanahan, 1 P. & W. 96; Gilkeson v. Snyder, 8 W. & S. 200; Dougherty v. Jack, 5 W. 456; Edwards v. Hoopes, 2 Wh. 420; Reigle v. Seiger, 2 P. & W. 340.

PER CURIAM, May 30, 1898:

It is unnecessary to add anything to what has been said by the learned judge of the common pleas. On his opinion the judgment is affirmed.